IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02084-REB-KMT

DENNIS H. LOWER, a Wyoming citizen,
ARTHUR V. EPSTEIN, a Massachusetts citizen,

      Plaintiff,

v.

IR-MAPLE CORP., a Delaware corporation,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

Upon Stipulated Motion by Plaintiffs Dennis H. Lower and Arthur V. Epstein, and Defendant IR-Maple Corporation ("IR-Maple"), for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown:

THE COURT HEREBY ORDERS AS FOLLOWS:

1. This Protective Order ("Order") governs the use and handling of all sensitive, confidential, personal, or proprietary business information contained in produced documents, responses to interrogatories and requests for admission, deposition transcripts and any other information, exhibits, testimony, documents, objects or things which have been or will be produced, provided, or received by any party or non-party during pretrial and trial proceedings in this action, as well as any and all copies, digests, summaries, and by-products thereof. As used in this Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. This action involves the production of documents and other discovery materials by parties and non-parties. The parties may assert that some of the

documents and other discovery materials are confidential or privileged within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

3. The parties have agreed that this Order is appropriate and advisable, and have requested the Court to approve the Order to prohibit certain confidential material and information from disclosure.

4. Pursuant to Fed. R. Civ. P. 26(c)(7), if, during the course of this litigation any party or non-party undertakes to produce or is caused to disclose what it in good faith believes embodies confidential information, the procedures set forth below shall be employed and the disclosure and handling of documents, information, and other materials designated as "confidential information" shall be subject to this Order.

5. For purposes of this Order, the term "confidential information" shall mean any information or document, including the contents of such document, (including copies, transcripts, videos, and computer-stored information) that is: (a) a nonpublic trade secret; (b) information that a party/or person is under a duty to maintain in confidence; (c) containing confidential and/or proprietary research, development, customer, personnel, personal, commercial, or financial information; (d) generally treated as confidential by the party or person producing it; (e) of such a nature that its disclosure would or may adversely impact the party, or person producing it; or (f) other information subject to a legally protected right of privacy under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

6. Counsel for any party or non-party to this litigation shall designate documents or information as confidential information prior to actual production of the

documents or information, or upon the provision of photocopies of documents that have been produced, by visibly stamping, marking, or placing the notation "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" on every page of each document so designated without covering any text or other content of the document, material, or thing or, in the case of confidential information disclosed in a non-paper medium (e.g., videotape, audio tape, computer disks or any other electronic digital, or other storage device or medium), the notation "CONFIDENTIAL INFORMATION SUBJECT OT PROTECTIVE ORDER" shall be affixed to the outside of the medium or its container.

      7.      If confidential information is inadvertently or unintentionally disclosed or produced before it has been designated as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," the party supplying such confidential information may, within a reasonable time after the inadvertent disclosure, designate the inadvertently disclosed confidential information as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER".  It shall not be considered a violation of this Order to disclose such undesignated confidential information any time before the party or nonparty producing such confidential information designates such information as CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, as provided herein.  If the party or nonparty producing confidential information unintentionally or inadvertently fails to stamp, mark, or otherwise designate information as CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER at the time of its disclosure, the party or nonparty

producing such confidential information shall not be deemed to have waived its right to stamp, mark, or otherwise designate the information as confidential information.

8. Any receiving party may request that the designating party or nonparty cancel the "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" designation with respect to any documents, materials, things, or information. Such request shall be written and shall be served on counsel for the designating party, within fifteen calendar days after receipt of the materials designated as CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, and shall identify the designated confidential information that the receiving party contends is not confidential and the reasons supporting its contentions. If the designating party does not agree that the documents or information should no longer be considered to be confidential information under this Order, then the designating and requesting parties shall make reasonable efforts to meet and confer in a good faith effort to resolve their dispute. If, after timely notice and conference, the parties fail to resolve their dispute, the party contending for such non-confidentiality ("the requesting party") may file, no later than twenty-five calendar days after receipt of the materials designated as CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, a motion with the Court to be relieved of the limitations of this Order with respect to the documents or information in question but, absent relief from the Court, the information shall be treated as confidential information for purposes of this Order. Unless otherwise ordered by the Court, if the Court grants the requesting party's motion in whole or in part, such ruling shall not take effect until ten (10) court days after such ruling is made. The requesting

party shall not make any disclosure while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion or any ruling on such a motion is pending.

9. Counsel for any party shall have the right to exclude from oral depositions, other than the deponent and the deponent's counsel, any person who is not authorized by this Order to receive documents or information designated as confidential information. Such right of exclusion pursuant to this Order shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising confidential information.

If during the course of any deposition, or in writing within seven calendar days of receipt of the transcript of such deposition testimony, by reference to the specific portion of such transcript, identified by page and line number, the witness, counsel for the witness, or counsel for any of the parties in this action notifies counsel for the parties that the deposition transcript or any portion thereof or any exhibit to the deposition is subject to designation as confidential information, such a transcript or portion thereof and/or exhibit shall be treated as provided by this Order for documents designated as confidential information. The parties shall treat all depositions as containing confidential information for seven calendar days following receipt of the transcript of a deposition in the case. If testimony is designated as confidential information, the cover page and those portions of the original transcripts and all copies of deposition or hearing transcripts that contain confidential information shall bear the legend CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. A party that objects to the

designation shall have the rights and obligations as set forth in paragraph 8. Notwithstanding the foregoing, no non-party or counsel of a non-party shall be permitted to make such a designation of confidential information until such non-party has complied with the requirements of paragraphs 9 and 24 hereof.

10. When depositions or portions of depositions are designated as confidential information, counsel shall use such confidential information only as provided for in this Order. All persons present at the taking of such depositions when such confidential information is involved are enjoined from disclosing to any other person the testimony of the deponent regarding such material, except as permitted herein.

11. When documents or information are designated as confidential information, copies thereof and the information contained therein may be disclosed only to the following persons:

(a) Each party, including employees, provided that such employee is assisting in this litigation, or actively engaged in connection with, or making decisions with respect to the preparation for and trial of this litigation, or in monitoring such activities;

(b) In-house counsel and counsel of record for the parties, including such counsel's paralegal, secretarial, and clerical personnel who are working on this litigation;

(c) Authors and persons who were the original addressees and recipients of the confidential document, materials, or information;

(d) A witness at a deposition or at trial, if there is good faith reason to believe that the witness (or the employer of such witness if the witness is testifying at a Rule 30(b)(6) deposition) (1) has previously seen the document or (2) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as confidential;

(e) Consultants and experts and their staff ("experts") who are directly employed or retained pursuant to Fed. R. Civ. P. 26(a)(2) in connection with this action by counsel for the parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

(f) The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court;

(g) Any mediator agreed upon by the parties, and such mediator's employees and staff; and

(h) Court reporters, including stenographers and video technicians transcribing proceedings in this action.

12. In addition to the limitations specified in paragraph 11, each person described in subparagraph 11(e) shall, prior to disclosure of confidential information to such person, first have signed a written agreement of such persons, in the form of the Declaration attached hereto, representing that he or she has read this Order, has agreed to be bound by it and will not disclose confidential documents or information to anyone else except as permitted herein, and will not use such material for any purpose other than trial preparation, trial, or appeal of this action. Each such counterpart of the

Acknowledgement shall be maintained by counsel making the disclosure to such person and shall be made available for inspection to any party reasonably requesting access thereto, unless such inspection would reveal information protected by the attorney-client privilege, work product doctrine, other claim of privilege or other protection against non-disclosure.

13. If testimony concerning confidential information is elicited at a hearing or at trial, counsel for any party may request that the Court designate a portion of the transcript to be sealed and treated as confidential information, as provided herein.

14. Nothing in this Order shall be deemed a waiver of any party's right to object on grounds that information which has been produced or will be produced in this action is neither relevant, authentic, admissible, nor discoverable.

15. Confidential information subject to this Order includes all copies, extracts, descriptions, and summaries thereof and all documents containing information taken therefrom. No copies of confidential information shall be made except by or on behalf of counsel for one of the parties in the case for work product purposes or for review by persons identified in paragraph 11 of this Order. Any such copies shall be made and used solely for purposes of the case.

16. Any and all documents and/or information containing confidential information, or documents designated as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," shall be filed with the Court under seal in accordance with D.C.COLO.LCivR. 7.2 and 7.3. Before using any such protected material in connection with an in-court presentation, counsel will make reasonable efforts to meet and confer in

good faith with the party producing the protected material to discuss whether the use of the protected material can be avoided.  Any disputes will be resolved by the Court.

17. All documents and information designated as confidential shall be used by the party receiving them solely for the purpose of trial in this action or preparation for trial and appeal of this action, or for any alternative dispute resolution proceeding mutually agreed upon by the parties to resolve this action, or generally in connection only with this action, and for no other purpose whatsoever.  Without limitation, no person receiving confidential information shall use such confidential information in any other action or proceeding or for any business, commercial, or competitive purpose. Material designated as confidential shall not be disclosed to any person or entity except as expressly provided herein.

18. The terms of this Order shall in no way affect the right of any person (a) to withhold information on grounds of immunity from discovery such as, for example, attorney-client privilege or work product doctrine; or (b) to raise or assert any defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence.

19. Nothing in this Order shall be construed to create rights in any person not a party to this litigation except as expressly set forth in paragraph 24 below.

20. If information designated "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in this action is requested in a subpoena by someone who is not a party in this action or pursuant to other law or enforceable order issued by any court or agency having competent jurisdiction, the party to whom the subpoena, order, or other process is directed shall immediately give written notice to each person that

has designated the information as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and shall not produce the documents until the earlier of ten (10) business days after providing notice or the return date of the subpoena or other process. The party designating the information as confidential information may contest the subpoena, order, or other process, or may otherwise take whatever lawful measures are necessary and appropriate to protect the designating party's interests in the confidentiality of the documents, materials, or information. The party receiving materials or information designated as confidential shall reasonably cooperate with the party designating such documents, materials, or information confidential in his or its efforts to protect the confidential information from disclosure, provided, however, that this Order shall not be interpreted to preclude the party seeking to protect confidential information from complying with any subpoena, lawful order, or other process that has not been quashed or set aside.

21. The parties have agreed that the terms and conditions of this Order shall be effective from the date on which it is executed by counsel for the parties until the Court rules on the parties' motion for entry of the Order. To the extent that the Court might enter a protective order that differs from the terms and conditions of this stipulation, such protective order shall supersede this Order.

22. Nothing in this Order shall prevent a party from any use of his or its own confidential information. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission or assertion by a party or a witness that any particular material or information is, or is not, confidential.

23. The Court retains jurisdiction during and after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties, provided that the opposing party has a full and fair opportunity to present his or its position to the Court with respect to the relief requested.

24. Any person not a party to this action from whom discovery is sought may obtain the benefits of this Order by acknowledging that such non-party has read this Order, has elected to accept its benefits and agreed to be bound by it, and has irrevocably submitted itself, himself, or herself to the jurisdiction of this Court for the limited purpose of resolving all issues regarding such non-party's confidential information in accordance with this Order. Any documents, deposition testimony, and other information produced upon discovery by such non-party and designated as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" by such non-party shall be treated accordingly.

25. Upon final termination of this action (including all appeals), the receiving party shall, within thirty (30) days of such termination, return to the designating party or destroy all documents designated as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," together with all copies, extracts, descriptions, and summaries thereof and all documents containing information taken from any document, material, or thing containing confidential information, with counsel for the receiving party certifying in writing to counsel for the designating party compliance with this requirement, provided that counsel of record for the parties to this action may retain one copy of such

counsel's work product for archival purposes only.  For a period of three years after final termination of this action, counsel of record may maintain one copy of "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" documents pursuant to a document retention policy.  At the end of three years, all "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" documents held pursuant to counsel's document retention policy shall be destroyed.  The receiving party shall promptly certify in writing to the producing party the return or destruction of all such materials.

26. Material produced by any party or a witness prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such material was produced.

27. Nothing in this Order shall be interpreted to prevent or to restrict any party from using or disclosing its own material (including its own confidential information) in any manner whatsoever.

28. Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

29. In the event the Court does not execute this Order, and during the pendency of approval before the Court, this Order shall nonetheless be binding as an enforceable contract between the parties and their respective counsel, effective immediately upon execution by counsel for the parties hereto.

SO ORDERED this 4th day of February, 2008.

BY THE COURT

s/ Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED AND AGREED BY:

| | |
|---|---|
| s/ John H. Tatlock | /s Bret R. Gunnell |
| John H. Tatlock | Bret R. Gunnell |
| David P. Howell | Katherine D. Varholak |
| MCKENNA LONG & ALDRIDGE LLP | Jerome H. Sturhahn |
| 1875 Lawrence Street, Suite 200 | SHERMAN & HOWARD, L.L.C. |
| Denver, CO 80202 | 633 Seventeenth Street, Suite 3000 |
| jtatlock@mckennalong.com | Denver, CO 80202 |
| dhowell@mckennalong.com | bgunnell@shermanhoward.com |
| ATTORNEYS FOR DENNIS H. LOWER | kvarholak@shermanhoward.com |
| AND ARTHUR V. EPSTEIN | jsturhahn@shermanhoward.com |
| | ATTORNEYS FOR IR-MAPLE CORPORATION |