IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02084-REB-KMT

DENNIS H. LOWER, a Wyoming Citizen, and
ARTHUR V. EPSTEIN, a Massachusetts citizen,

      Plaintiffs,

v.

IR-MAPLE CORP., a Delaware Corporation,

      Defendant.

---

### ORDER

---

This matter is before the court on Plaintiffs' "Motion for Leave to Amend Complaint and to Join Party Plaintiff." ("Motion" [Doc. No. 15, filed December 18, 2007]) "Defendant IR-Maple Corporation's Response to Plaintiffs' Motion for Leave to Amend Complaint and to Join Party Plaintiff" was filed on December 28, 2007 ("Response" [Doc. No. 19]) to which the Plaintiffs replied with "Reply in Support of Motion for Leave to Amend Complaint and to Join Party Plaintiff" ("Reply" [Doc. No. 29]).

A scheduling order was entered in this case on December 18, 2007. [Doc. No. 14] Section 8 of that Order, "Case Plan and Schedule," set the time for filing "any motion by a party for Joinder and Amendment of Pleadings" no later than February 1, 2008. *Id*. at 12. The Motion, therefore, was timely filed well before the deadline for joinder. The discovery cut-off date in this matter is not until June 30, 2008.

The plaintiffs are two of a total of nine limited partners in a company called Pennaurora Associates ("Pennaurora"). (Motion at 2; Response at 2) The defendant, IR-Maple, was the general partner of Pennaurora. *Id.* The plaintiffs are seeking damages from the general partner for various alleged failures associated with the management of Pennaurora's only asset, a department store in the Aurora Mall and alleged breach of the general partner's fiduciary duties to the limited partners. The two plaintiffs are now seeking to add a third limited partner in Pennaurora, Leslie J. Pottern, as a party plaintiff.

The court notes that IR-Maple has filed a Motion to Transfer Venue Pursuant to 28, U.S.C. § 1404(a), requesting that the case be transferred to its principal place of business in Scarsdale, New York. [ "Mot. to Transfer", Doc. No. 10, filed November 28, 2007]. Among the principal claims in the Motion to Transfer is that while all parties are diverse – Lower is a citizen of Wyoming and Epstein is a citizen of Massachusetts – none are citizens of Colorado. *Id.* at 3. Although the only asset in Pennaurora is located in Colorado, IR-Maple contends that the actions which are the subject of the Complaint occurred exclusively outside the jurisdiction of Colorado and that most witnesses will be located in or near New York. *Id.* at 5. This motion is pending before United States District Judge Robert Blackburn.

The court also notes that IR-Maple has filed a "Motion for Leave to File Counterclaims and Join Parties and Claims" [Doc. No. 32, filed February 1, 2008]. While this motion has not been fully briefed and is not, therefore, ripe for determination, the parties IR-Maple is seeking to add to the lawsuit are also both citizens of Colorado, which could potentially raise issues concerning diversity of citizenship if Pottern is added as a plaintiff. (Doc. No. 32, Attachment,

Proposed Counterclaims and Claims against Third-Party Defendants.)  IR-Maple, however, has

not raised this issue in the Response.

Proposed new plaintiff, Leslie Pottern, has identical interests to the current two plaintiffs,

and is identically situated with respect to this case.  Pottern's addition does not affect diversity of

jurisdiction pursuant to Title 12 U.S.C. § 1332(a).  Pottern's rights as a limited partner would be

affected by the litigation in the same manner as Lower and Epstein, although not in equal amount

since his interest in the partnership is lower.  Permissive joinder of Pottern is appropriate under

Fed. R. Civ. P. 20(a)(1)(A) since Pottern is asserting a "right to relief jointly severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences" and there will likely be questions of law or fact common to all

plaintiffs arising during the litigation.

Further, pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a pleading, especially on the

first occurrence, should freely be given when justice so requires.  There is no evidence of bad faith

or purpose to delay apparent in the proposed amendment.

WHEREFORE, it is ORDERED:

The Plaintiff's "Motion for Leave to Amend Complaint and to join Party Plaintiff" [Doc.

No. 15]  is GRANTED.  Plaintiff's First Amended Complaint, currently attached as Attachment 1

to Doc. No. 15, will be filed and the case caption amended in conformance therewith.

Dated this 8th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge