IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02084-REB-KMT

DENNIS H. LOWER, a Wyoming Citizen,
ARTHUR V. EPSTEIN, a Massachusetts citizen,
LESLIE J. POTTERN, a Colorado citizen,

    Plaintiffs,

v.

IR-MAPLE CORP., a Delaware Corporation,

    Defendant.

_____

**ORDER**
_____

    This matter is before the court on "Defendant IR-Maple Corporation's Motion for Leave to File Counterclaims and Join Parties and Claims" ("Mtn." [Doc. No. 32, filed February 1, 2008]). Plaintiffs filed "Response to Defendant IR-Maple's Motion for Leave to File Counterclaims and Join Parties and Claims" ("Rsp." [Doc. No. 39, filed February 21, 2008]) and IR-Maple filed "Defendant IR-Maple Corporation's Reply to Motion for Leave to File Counterclaims and Join Parties and Claims" ("Reply" [Doc. No. 41, filed March 7, 2008]). The court has reviewed the submissions of the parties and the contents of the court files.

    A Scheduling Order was entered in this matter on December 18, 2007 specifying the deadline for Joinder of Parties and Amendment of Pleadings as February 1, 2008. [Doc. No. 14, ¶

8(a)]. Therefore, the motion, together with the proposed Counterclaims and Claims Against Third-Party Defendants, was timely filed.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983). The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957).

In this case, the defendant seeks to add counterclaims against the plaintiffs and two additional parties for abuse of process, conspiracy to abuse process, tortious interference with contractual relations and prima facie tort. The defendant asserts that all the proposed

counterclaims arise out of the same transaction or occurrence that is the subject matter of the instant lawsuit and that its proposed abuse of process counterclaim against the plaintiffs is compulsory under Fed. R. Civ. P. 13(a). The plaintiffs object on the general basis that the counterclaims fail to state cognizable claims for varying reasons including that they are deficiently pleaded.

An abuse of process claim can be raised as a counterclaim, whether permissive or compulsory, because there is no requirement that the judicial proceedings giving rise to the claim have been terminated in the counterclaimant's favor. *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1265 (10th Cir. 2003).

> Generally, the tort of abuse of process is defined as
>
> One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.

Restatement (Second) of Torts § 682 (1977). The significance of the word "primarily" is that there is no action for abuse of process when the process is used for the purpose for which it is intended even if there is an incidental motive of spite or an ulterior purpose. *Id.* Abuse of process requires the use of the process for an immediate purpose other than that for which it was designed and intended. *Id.* The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it. *Id.* The tort of wrongful use of civil proceedings focuses on the whether the procurement, initiation, or continuation of civil proceedings was for the "purpose of harassment or annoyance" and without probable cause. *Id. See generally* William L. Prosser, *Law*

3

*of Torts* § 120, at 850-51 (4th ed. 1971) ("The action of malicious prosecution, which began as a remedy for unjustifiable criminal proceedings, has been undergoing a slow process of extension into the field of the wrongful initiation of civil suits.").

Colorado recognizes the tort of abuse of process and requires: establishment of a prima facie case aside from proof of damages; proof of an ulterior purpose in the use of judicial proceedings, and; willful actions by defendant in the use of process which are not proper in the regular conduct of a proceeding. *Aztec Sound Corp. v. Western States Leasing Co.*, 510 P.2d 897, 899 (Colo. App. 1973). In *Aztec*, the trial court found evidence that the defendant used a replevin action not as a means to regain the subject equipment which would be the proper purpose, but as a way of forcing the plaintiff to pay a sum not required by the contract between the parties and force an agreement to release defendant of all liability for its action. *Id.* at 899. The fact that the subject equipment could be regained as a result of the litigation as well was considered superfluous. *Id. See also*, W. Prosser, *Law of Torts* § 121; *American Guar. & Liab. Ins. Co. v. King*, 97 P.3d 161 (Colo. App. 2003) (accomplishing coercive goal that is not intended legal purpose of process is one example of requisite improper use); *Salstrom v. Starke*, 670 P.2d 809, 811 (Colo. App. 1983) (lis pendens filed not to protect legitimate property interest but to prevent a sale to any other party and to coerce property owner to consider previous offers).

When the process alleged to have been abused entails, as here, the very filing of the lawsuit in which the abuse of process claim is alleged, Colorado requires an additional showing that the "other party's claim is devoid of factual support or if supportable in fact, [has] no cognizable basis in law." *Yadon v. Lowry*, 126 P.3d at 337; Colo. Jury Instr. 4th, Civil 17:10, comment 6 (2007).

4

*See also Ware v. McCutchen,* 784 P.2d 846, 848 (Colo. App.1989); *Protect Our Mountain Env't, Inc. v. Dist. Court,* 677 P.2d 1361, 1365, 1369 (Colo. 1984). When an abuse of process is predicated on the First Amendment right to petition the government for redress of grievances, the burden is on the party asserting the abuse of process claim to show that the petitioning activities were not immunized from liability by the First Amendment because: (1) the petitioning activities are devoid of factual support or, if supportable in fact, have no cognizable basis in law; (2) the primary purpose of the petitioning activities was to harass the other party or to accomplish some other improper objective; and (3) the petitioning activities had an adverse effect on a legal interest of the other party. Colo. Jury Instr. 4th, Civil 17:10, comment 6 (2007). The counterclaims sought to be added by IR-Maple are pleaded with reasonable specificity for purposes of determination of whether an amendment to the pleadings should be allowed. There is no evidence that the counterclaims are brought to cause undue delay, and no evidence of bad faith or dilatory motive on the part of the movant. There is no undue prejudice to the opposing party by virtue of allowance of the counterclaims and the plaintiffs themselves were allowed recently to amend the complaint to add an additional plaintiff. [Doc. No. 15 (motion) and Doc. No. 37 (order)].

Contrary to the argument of the plaintiffs, the addition of the parties and the counterclaims is not futile; as the plaintiffs acknowledge, " use of a legal proceeding in an improper manner" is not a protected, lawful act. (Rsp. at 3) Recent case law suggests that the "devoid of fact or law" element in an abuse of process claim is one and the same as the "improper use of process" element. *Mrs. Colorado-America, Inc. v. Mrs. Colorado U.S. Pageant*, No.05-cv-02660-MSK-

MEH, 2007 WL 496690, at *2 (D. Colo. Feb. 13, 2007)  The District of Colorado court

concluded that

> "[b]ecause "sham litigation by definition does not involve a bona fide grievance," *Protect Our Mountain*, 677 P.2d at 1367, an allegation that the lawsuit commenced by the Plaintiff was devoid of factual or legal support –*i.e.* that is was "sham litigation" – suffices for the allegation that the Plaintiff's invocation of process was improper.

*Id.*  To be sufficient, the allegation by IR-Maple that the Plaintiff improperly invoked the legal

process by filing the suit must be supported by a modicum of factual averment showing that the

suit lacked any legitimate basis.  The proposed counterclaims are somewhat conclusory.  However,

to the extent the factual averments may be ultimately inadequate or defective, such a defect can be

cured by amendment.  Defective averments in a counterclaim do not result in futility for the

purposes of allowing the joinder of parties and amendment of pleadings.  A difference over the

quantity or quality of proof of a claim does not show futility of bringing the claim in the first

instance.   In paragraph 18 of the proposed counterclaims, the defendants allege specifically that

> 18.  Kornfeld and Landmark Capital have engaged in a pattern of abusive behavior, including conspiring with Lower and Epstein to file the Lawsuit without the intent of vindicating the purported rights of the limited partners asserted in the complaint, but rather to punish IR-Maple and force it to take actions that it is not obligated to take under the Partnership Agreement or pursuant to any duty imposed by law or equity.

[Doc. No. 32-2].

An argument against a request to amend a pleading which is solely based on the perceived

lack of merit of a specific claim or upon a complaint of inartful pleading is malapropos.  Whether

or not the defendants will prevail on the counterclaims is a determination which will be made at a

6

later date. The issue at this stage of the engagement is whether they will be allowed to climb over the ropes and enter the ring. According to the directives of the U.S. Supreme Court, the defendants "ought to be afforded an opportunity to test [their] claim[s] on the merits." *Foman v. Davis*, 371 U.S. at 182.

Therefore, it is ORDERED

Defendant IR-Maple Corporation's Motion for Leave to File Counterclaims and Join Parties and Claims [Doc. No. 32] is GRANTED. IR-Maple Corporation's Counterclaims and Claims Against Third-Party Defendants attached to the motion [Doc. No. 32-2], is accepted for filing.

Dated this 11th day of April, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge